**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4152

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISAIVIAN SHYKISE BATES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:23-cr-00119-WO-1)

Submitted:  January 23, 2025                    Decided:  January 28, 2025

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Stacey D. Rubain, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaivian Shykise Bates appeals his conviction and the 57-month sentence imposed after he pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that he has found no meritorious issues for appeal, but suggesting that Bates' sentence is substantively unreasonable.  The Government has declined to file a response brief, and Bates has not filed a pro se supplemental brief despite being informed of his right to do so.  Finding no error, we affirm.

We review a criminal "sentence[ ]—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51.  If there is no significant procedural error, we then consider the substantive reasonableness of the sentence.  *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).  "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Upon plenary review of the record, we find no procedural error in the imposed sentence. We also reject counsel's suggestion that Bates' sentence is substantively unreasonable. In this regard, counsel contends that the district court placed too much weight on deterrence and protection of the public, while failing to counterbalance those considerations with the remaining § 3553(a) factors and counsel's arguments for a sentence in the middle of Bates' Guidelines range. The record confirms, though, that district court expressly considered Bates' arguments but exercised its discretion in finding that the arguments and remaining § 3553(a) factors did not warrant a lesser sentence. As Bates has failed to rebut the presumption of reasonableness afforded his within-Guidelines sentence, we defer to the district court's decision to impose the 57-month sentence. *See United States v. Yooho Weon*, 722 F.3d 583, 590 (4th Cir. 2013) ("In analyzing a sentence for substantive reasonableness, we consider the sentence under a deferential abuse-of-discretion standard, whereby we must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record and have found no potentially meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bates, in writing, of the right to petition the Supreme Court of the United States for further review. If Bates requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bates. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
